UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTE MARQUEE SMITH, <br>     Plaintiff, <br>     v. <br> DANIEL CUEVA, <br>     Defendant. | Case No. 23-cv-03833-NC <br><br> **ORDER OF SERVICE** <br> Re: ECF 1 |

Petitioner Donte Marquee Smith, a state prisoner incarcerated at the California Medical Facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to magistrate judge jurisdiction. ECF 3.

I. **BACKGROUND**

Petitioner was convicted by a jury of (1) murder, California Penal Code § 187; (2) attempted murder, California Penal Code §§ 187 and 644; (3) shooting at an occupied motor vehicle, California Penal Code § 246 in the Superior Court of California for Contra Costa County. ECF 1 ("Pet.") at 2-3.[1] Plaintiff was also subsequently found guilty of possession of a firearm with a prior juvenile delinquency adjudication, California Penal Code § 29820. *Id.* at 3. On January 30, 2015, he was sentenced to "life imprisonment without the possibility of parole plus 25 years to life imprisonment state prison." *Id.*

---

[1] The Court refers to the page numbers assigned by the ECF system.
Case No.23-cv-03833-NC

1  Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the
2  Supreme Court of California, which on December 14, 2022, denied review of the petition.
3  *Id.* at 4.

## II.  DISCUSSION

### A.  Legal Standard

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### B.  Petitioner's Legal Claims

Petitioner seeks federal habeas corpus relief by raising the following claims:

1. Claim One: Denial of Petitioner's Due Process rights under the Fifth, Sixth and Fourteenth Amendments based on trial counsel's alleged ineffectiveness for: (1) "failing to call a cellular phone tower expert," (2) "failing to call a ballistics expert," (3) "failing to unseal S.S.'s telephone records," and (4) "failing to present alibi evidence."  Pet. at 15, 37, 43, 46, 48, 51; and

2. Claim Two: Denial of Petitioner's Due Process rights under the Fifth, Sixth, and Fourteenth Amendments because "he is legally, factually, and actually innocent."  *Id.* at 16, 53

Liberally construed, the claims appear colorable under 28 U.S.C. § 2254 and merit an answer from respondent.

## III. CONCLUSION

For the foregoing reasons and for good cause shown:

1. The Clerk shall serve electronically a copy of this order and a Magistrate Judge jurisdiction consent form upon Respondent and Respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The Petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Petitioner.

2. On or before **February 5, 2024**, Respondent shall file with the Court and serve on Petitioner an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on Petitioner's cognizable claims. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the Petition.

3. If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. In lieu of an Answer, Respondent may file, on or before **February 5, 2024**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a Reply within fifteen (15) days of the date any opposition is filed.

5. Respondent shall file a consent or declination to magistrate judge jurisdiction within 14 days.

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated:  December 7, 2023 _____
NATHANAEL M. COUSINS
United States Magistrate Judge